IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

K.A.P.A. MANAGEMENT INC. d/b/a
DALLAS DODGE CHRYSLER JEEP,

      Plaintiff,                               CIVIL ACTION FILE

      v.                                        NO. 4:14-CV-00226-HLM

CHRYSLER GROUP, LLC,

      Defendant.

## PLAINTIFF'S INITIAL DISCLOSURES

**DISCLOSURE NO. 1:** State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE:** Plaintiff, K.A.P.A. Management Inc., has filed this action to protest the proposed termination of its Chrysler, Dodge, Jeep and Ram motor vehicle franchise for lack of good cause and has sought damages associated with the Defendant's failure to properly allocate new vehicles to the Plaintiff. Chrysler Group and Dallas entered into a Chrysler Sales and Service Agreement (the "Chrysler Agreement") and a Jeep Sales and Service Agreement (the "Jeep Agreement"), both of which were effective as of February 18, 1994.   Chrysler

˘1˘

Group and Dallas also entered into a Dodge Sales and Service Agreement, effective February 18, 1994, with the RAM amendment dated May 31, 2012 (the "Dodge Agreement").  (The Chrysler Agreement, the Jeep Agreement, and the Dodge Agreement with the RAM Amendment all contain essentially the same terms and conditions and therefore will be referred to collectively herein as the "Dealer Agreements").

Each of the Dealer Agreements grants Dallas, *inter alia*, the nonexclusive right to purchase the vehicle line specified in that Dealer Agreement from Chrysler Group, i.e. Chrysler, Jeep, Dodge or RAM, and to display, sell and service these vehicles from a location and facility at 1246 Old Griffin Road in Dallas, Georgia   (the "Dallas Facility"). (Dealer Agreements at ¶¶1,4 and 11).

For its part, Dallas agreed, *inter alia*, to sell the number of vehicles necessary to fulfill 100% of its Minimum Sales Responsibility ("MSR) for each car and truck line identified in the Dealer Agreements. (Dealer Agreements at ¶11(a)).   Dallas also agreed to employ and maintain a number of trained and competent new and used motor vehicle sales, lease, service, parts and general management personnel sufficient for Dallas to carry out successfully all of its undertakings in the Dealer Agreements, including without limitation, the fulfillment of 100% of Dallas' MSR. (Dealer Agreements at ¶11(f)).

Chrysler Group alleges that Dallas breached the Dealer Agreements by failing to achieve 100% of its MSR over an extended period of time, and failed and refused to employ and maintain trained and competent sales, lease, service, parts and general management personnel sufficient to enable Dallas to satisfy 100% of its MSR.

Chrysler Group provided a notice of default and opportunity to cure to Dallas, and when Dallas failed to cure its defaults by the end of the cure period, Chrysler Group sent Dallas a notice of termination of the Dealer Agreements under the Act and the pertinent provisions of the Dealer Agreements.

Dallas denies that it has failed to satisfy 100% of its MSR or that Chrysler Group has the right to terminate the Dealer Agreements.   Dallas claims that Chrysler Group has acted in bad faith for a variety of reasons including without limitation, that the MSR sales standard is inherently unfair and unreasonable and that, in any event, Chrysler Group has failed to allocate a sufficient number and mix of vehicles to Dallas that would enable Dallas to meet its MSR.

Dallas also alleges that Chrysler Group has "favored" another Chrysler Group dealer with additional and better selling vehicles, particularly Jeeps and trucks, and that this alleged favoritism has had the effect of "inflating" that dealer's inventory and decreasing Dallas' inventory.   Dallas alleges that this other dealer "gamed" the allocation system and that Chrysler Group personnel were aware of and acquiesced in that other dealer's improper practices.

The legal issues in the case are:

Whether Chrysler Group has good cause to terminate the Dealer Agreements under the Act.

Whether Chrysler Group has acted in good faith pursuant to § 10-1-631of the Act.

Whether Chrysler Group has failed to comply with the Act and breached the Dealer Agreements by failing to properly allocate vehicles to Dallas.

Whether Dallas sustained actual damages or other harm proximately caused by Chrysler Group and, if so, in what amount.

Whether Dallas is entitled to punitive or multiple damages.

**DISCLOSURE NO. 2:** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**RESPONSE:** O.C.G.A. § 10–1–631(a) requires Chrysler to act in good faith in termination of a franchise. O.C.G.A. § 10–1–651(a) prohibits cancellation or termination of any franchise with a dealer unless Chrysler has good cause for termination. Pursuant to O.C.G.A. §10-1-623 the proposed termination lacks the requisite good cause, the Minimum Sales Responsibility is not a reasonable performance criteria, both generally and in light of existing circumstances, and because Chrysler has not acted in good faith. As a result, the proposed termination is prohibited under O.C.G.A. §10-1-631(a), §10-1-651 and §10-1-662. Chrysler's failure or refusal to provide Dallas Dodge information concerning the manner and mode of distribution of the Jeep linemake within the dealer's market area violates O.C.G.A. § 10-1-663(b). Chrysler violated O.C.G.A. § which prohibits a manufacturer's unfair discrimination among its dealers with

respect to any aspect of operating a motor vehicle dealership, as a result of Chrysler's failure to fairly allocate vehicles.

**DISCLOSURE NO. 3:** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:** V. Andrew Gill, Dallas Chrysler Dodge Jeep Ram, Owner (may be contacted through undersigned counsel).

Andrew M. Gill, Dallas Chrysler Dodge Jeep Ram, President (may be contacted through undersigned counsel).

Jon Headrick, Dallas Chrysler Dodge Jeep Ram, Vice President and General Manager (may be contacted through undersigned counsel).

Robert S. Clark, Retail Dealer Development Manager for Chrysler during relevant times (address unknown).

Al Gardiner, Director of Chrysler Southeast Business Center during relevant times (address unknown).

Robert Profit, Chrysler District Manager during relevant

times (address unknown).

Craig Bowers, Chrysler Zone Senior Manager during relevant times (address unknown).

Don Nix, Chrysler (title and address unknown).

Sandra Harb, Chrysler District Manager during relevant times (address unknown).

Mike Westlin, Chrysler (address unknown).

Drew Tutton, Ed Voyles Chrysler Dodge Jeep Ram, General Manager (address unknown).

Greg Mims, Ed Voyles Chrysler Dodge Jeep Ram, Sales Manager (address unknown).

**DISCLOSURE NO. 4:** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE:** No expert has been selected at this time.

**DISCLOSURE NO. 5:** Provide a copy of, or a description by category and

location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:** Plaintiff has in its possession communications with Chrysler related to vehicle allocation and sales performance, financial statements associated with the Chrysler, Dodge Jeep and Ram operations and reports related vehicle allocation and sales performance received from Chrysler.

**DISCLOSURE NO. 6:** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

**RESPONSE:** A detailed computation of Plaintiff's damages cannot be completed until documents are received from Chrysler and Plaintiff's designated expert compiles data received from Chrysler. However, generally, Plaintiff believes that its damage calculation will involve identifying the number of vehicles

which should have been allocated to it and multiplying that number by the average profit contributed to the dealership related to the sale of a new vehicle.

**DISCLOSURE NO. 7:** Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** Plaintiff has no applicable insurance agreement.

**DISCLOSURE NO. 8:** Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**RESPONSE:** Plaintiff is not aware of any person or legal entity with a right of subrogation in this action.

Respectfully submitted,

COX, BYINGTON,
BRUMLOW & TWYMAN, LLP


By: ___/s/ *Christopher P. Twyman*___
    CHRISTOPHER P. TWYMAN
    Georgia Bar No.   720660
    Attorney for the Plaintiff

711 Broad Street
Rome, Georgia 30161
(706) 291-2002 Office
(706) 291-6242 Facsimile

## CERTIFICATE OF SERVICE

I, CHRISTOPHER P. TWYMAN, do hereby certify that I have this day served a copy of the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES.** upon the opposing party by filing the same with the Clerk of Court using the CM/ECF system which will automatically send email notification for such filing to the following attorneys of record:

> Patricia Rodriguez Britton
> Nelson Mullins Riley & Scarborough-ATL
> Suite 1700
> 201 17th Street, N.W.
> Atlanta, GA 30363
>
> Robert D. Cultice
> Wilmer Cutler Pickering Hale and Dorr-MA
> 60 State Street
> Boston, MA 02109

This 2nd day of October, 2014.

                                              /s/ *Christopher P. Twyman*
                                              CHRISTOPHER P. TWYMAN