IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

K.A.P.A. MANAGEMENT INC.,

       Plaintiff,

v.                                    Civil Action No.
                                    4:14-CV-00226-HLM

CHRYSLER GROUP, LLC,

       Defendant.

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a)    Describe briefly the nature of this action.

    **Plaintiff, K.A.P.A. Management Inc., has filed this action to protest the proposed termination of its Chrysler, Dodge, Jeep and Ram motor vehicle franchise for lack of good cause and has sought damages associated with the Defendant's failure to properly allocate new vehicles to the Plaintiff.**

    **Defendant, Chrysler Group LLC ("Chrysler Group"), has good grounds under the Chrysler, Jeep and Dodge (with RAM) Sales and Service Agreements between the parties (the "Dealer Agreements") and good cause under O.C.G.A. § 10-1-623 (the "Act"), to terminate the Dealer Agreements. Plaintiff, K.A.P.A. Management Inc. d/b/a Dallas Dodge Chrysler Jeep ("Dallas"), has failed consistently over a long period of time to satisfy the sales performance standard ("MSR") to which it agreed in the Dealer Agreements. Chrysler Group has acted in good faith at all times in connection with the termination of the Dealer Agreements, and denies that any action allegedly taken by it, including a failure to allocate an appropriate number or mix of vehicles, renders it liable under any of the causes of action alleged by Dallas, or caused**

**harm to Dallas of any nature.  Chrysler Group allocated vehicles to Dallas and other dealers in a fair and reasonable manner in compliance with the Dealer Agreements and the Act.**

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Chrysler Group and Dallas entered into a Chrysler Sales and Service Agreement (the "Chrysler Agreement") and a Jeep Sales and Service Agreement (the "Jeep Agreement"), both of which were effective as of February 18, 1994.  Chrysler Group and Dallas also entered into a Dodge Sales and Service Agreement, effective February 18, 1994, with the RAM amendment dated May 31, 2012 (the "Dodge Agreement"). (The Chrysler Agreement, the Jeep Agreement, and the Dodge Agreement with the RAM Amendment all contain essentially the same terms and conditions and therefore will be referred to collectively herein as the "Dealer Agreements").**

**Each of the Dealer Agreements grants Dallas, inter alia, the nonexclusive right to purchase the vehicle line specified in that Dealer Agreement from Chrysler Group, i.e. Chrysler, Jeep, Dodge or RAM, and to display, sell and service these vehicles  from a location and facility at 1246 Old Griffin Road in Dallas, Georgia  (the "Dallas Facility"). (Dealer Agreements at ¶¶ 1,4 and 11).**

**For its part, Dallas agreed, inter alia, to sell the number of vehicles necessary to fulfill 100% of its Minimum Sales Responsibility ("MSR) for each car and truck line identified in the Dealer Agreements. (Dealer Agreements at ¶11(a)).  Dallas also agreed to employ and maintain a number of trained and competent new and used motor vehicle sales, lease, service, parts and general management personnel sufficient for Dallas to carry out successfully all of its undertakings in the Dealer Agreements, including without limitation, the fulfillment of 100% of Dallas' MSR.  (Dealer Agreements at ¶11(f)).**

**Chrysler Group alleges that Dallas breached the Dealer Agreements by**

**failing to achieve 100% of its MSR over an extended period of time, and failed and refused to employ and maintain trained and competent sales, lease, service, parts and general management personnel sufficient to enable Dallas to satisfy 100% of its MSR.  Chrysler Group provided a notice of default and opportunity to cure to Dallas, and when Dallas failed to cure its defaults by the end of the cure period, Chrysler Group sent Dallas a notice of termination of the Dealer Agreements under the Act and the pertinent provisions of the Dealer Agreements.**

**Dallas denies that it has failed to satisfy 100% of its MSR or that Chrysler Group has the right to terminate the Dealer Agreements. Dallas claims that Chrysler Group has acted in bad faith for a variety of reasons including without limitation, that the MSR sales standard is inherently unfair and unreasonable and that, in any event, Chrysler Group has failed to allocate a sufficient number and mix of vehicles to Dallas that would enable Dallas to meet its MSR.**

**Dallas also alleges that Chrysler Group has "favored" another Chrysler Group dealer with additional and better selling vehicles, particularly Jeeps and trucks, and that this alleged favoritism has had the effect of "inflating" that dealer's inventory and decreasing Dallas' inventory. Dallas alleges that this other dealer "gamed" the allocation system and that Chrysler Group personnel were aware of and acquiesced in that other dealer's improper practices.**

(c)    The legal issues to be tried are as follows:

**Whether Chrysler Group  has good cause to terminate the Dealer Agreements under the Act.**

**Whether Chrysler Group  has acted in good faith pursuant to § 10-1-631of the Act.**

**Whether Chrysler Group has complied with the Act and breached the Dealer Agreements by failing to properly allocate vehicles to Dallas.**

**Whether Dallas breached the Dealer Agreements by failing to achieve 100% of its MSR under the Dealer Agreements.**

**Whether Dallas breached the Dealer Agreements by failing to hire and maintain adequate management personnel to operate its dealership.**

**Whether Dallas sustained actual damages or other harm proximately caused by Chrysler Group and, if so, in what amount.**

**Whether Dallas is entitled to punitive or multiple damages.**

**Whether Dallas has stated a claim upon which relief can be granted on its causes of action for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty, respectively.**

**Whether any of Dallas' claims are barred by the statute of limitations.**

**Whether Dallas is entitled to a jury on its claims under the Act and for the equitable relief that Dallas has requested.**

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases:

            **None**

        (2)    Previously Adjudicated Related Cases:

            **None**

2.    **This case is complex because it possesses one or more of the features listed below (please check):**

      _____ (1)    Unusually large number of parties
      _____ (2)    Unusually large number of claims or defenses
      _____ (3)    Factual issues are exceptionally complex
      __X__ (4)    Greater than normal volume of evidence

  __X__ (5)    Extended discovery period is needed
  _____ (6)    Problems locating or preserving evidence
  _____ (7)    Pending parallel investigations or action by government
  __X__ (8)    Multiple use of experts
  _____ (9)    Need for discovery outside United States boundaries
  _____ (10)  Existence of highly technical issues and proof
  __X__ (11)  Unusually complex discovery of electronically stored information

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    **Richard N. Sox, Jr.**

                  **Jason T. Allen**

                  **Nicholas A. Bader**

    Defendant:  **Robert D. Cultice**

                  **Patricia Rodriguez Britton**

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Yes _____          No _X__

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.     **Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

**None**

(b)     The following persons are improperly joined as parties:

**None**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None**

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None at this time.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.     **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific

filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated

discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties anticipate discovery on the following subjects: MSR sales standard in the Dealer Agreements; vehicle allocation; vehicle sales; performance of the terms of the Dealer Agreements; and communications between the parties concerning performance under the Dealer Agreements**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request a six (6) month time period in which to conduct fact discovery.**

**11.    Discovery Limitation and Discovery of Electronically Stored Information**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None**

(b)    Is any party seeking discovery of electronically stored information?

Yes   **X**        No ____

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree that they will discuss in good faith ways in which to limit the scope of production of electronically stored information ("ESI") by agreeing to a specific number of key witness custodians subject to search, the time period in which the search will be conducted and the specific search terms that will be used to conduct the search.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The format for the production of ESI will be primarily in TIF with native format for excel spreadsheets.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Production of documents and other information will be subject to a confidentiality agreement and a protective order that is acceptable to the Court. The parties will attempt in good faith to reach agreement on a mutually acceptable agreement before production of documents. If their good faith efforts are not successful, they will raise the issue promptly with the Court.**

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 18, 2014 , and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

    For plaintiff: Lead counsel (signature):   Richard N. Sox, Esq.
                Other participants:   Christopher Twyman, Esq.

    For defendant: Lead counsel (signature):   Robert D. Cultice, Esq.
                Other participants:   Patricia R. Britton, Esq.

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
    \_\_\_\_\_) A possibility of settlement before discovery.
      X  ) A possibility of settlement after discovery.
    \_\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
    \_\_\_\_\_) No possibility of settlement.

(c)   Counsel(  X  ) do or (\_\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is January  27,  2015.

(d)   The following specific problems have created a hindrance to settlement of this case.

**None other than a material difference in positions.**


**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20 _____.

    (b)    The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.


| /s/ Christopher P. Twyman | /s/ Robert D. Cultice |
|---|---|
| Christopher P. Twyman, Esq. | Robert D. Cultice, Esq. |
| Georgia Bar No. 720660 | Admitted *Pro Hac Vice* |
| Counsel for Plaintiff | Counsel for Defendant |


\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:
IT IS SO ORDERED, this _____day of _____, 2014.

 

_____
HON. HAROLD L. MURPHY
UNITED STATES DISTRICT JUDGE