IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

K.A.P.A. MANAGEMENT INC. d/b/a
DALLAS DODGE CHRYSLER JEEP,

      Plaintiff,                             CIVIL ACTION FILE

      v.                                    NO. 4:14-CV-00226-HLM

CHRYSLER GROUP, LLC,

      Defendant.

## PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

COMES NOW, Plaintiff K.A.P.A. Management, Inc. d/b/a Dallas Dodge Chrysler Jeep ("Dallas" or "Plaintiff") and moves this Court for entry of the Protective Order attached hereto as Exhibit A and in support of states as follows.

1. Plaintiff served its first set of discovery requests on Defendant on October 14, 2014.

2. Defendant, Chrysler Group, LLC ("CG" or "Defendant") responded in writing to Plaintiff's first set of discovery requests on November 17, 2014.

3. Defendant served its first set of discovery requests on Plaintiff on October 3, 2014.

4. Plaintiff responded to Defendant's first set of discovery requests on November 3, 2014.

1

5.     Although both parties have responded to the discovery requests served to date, no documents have been produced due to the lack of a protective order in place to govern the confidentiality and distribution of the documents.

6.     Plaintiff anticipates that in producing documents responsive to CG's discovery requests it will produce documents that are confidential and/or proprietary in nature. Defendant's written responses to Plaintiff's discovery requests indicate similar concerns. This was reflected in the parties' joint preliminary report and discovery plan filed with this Court on October 3, 2014. See Doc. No. 14.

7.     The confidentiality concerns would be alleviated by the entry of a protective order governing the parties use and/or distribution of the documentation marked as confidential.

8.     The parties agreed in the joint preliminary report and discovery plan that they "will attempt in good faith to reach an agreement on a mutually acceptable agreement before production of documents." Doc. No. 14, ¶12.

9.     Plaintiff's counsel circulated a proposed protective order (attached hereto as Exhibit A) to Defendant's counsel on December 5, 2014, and asked that Defendant review the proposed protective order. Defendant's counsel responded on December 7, 2014 and stated that comments, if any, would be provided that week. (Communications between counsel attached as Exhibit B)

10. Defendant's counsel has yet to respond despite two subsequent communications from Plaintiff's counsel on December 15 and December 18, 2014 requesting agreement, disagreement, and/or comments to the proposed protective order.

11. A discovery schedule has been entered limiting the parties to six months of fact discovery, of which two months has already passed. The parties indicated to this court that this case is complex due to the "[g]reater than normal volume of evidence", "multiple use of experts", and "unusually complex discovery of electronically stored information". Doc. No. 14, ¶6. The parties' agreed that if their efforts to agree upon a protective order were not successful they would raise the issue promptly with the court. Doc. No. 14, ¶12.

12. The parties have not agreed upon a protective order, and Defendant has not been responsive on the issue. Simply put, Plaintiff cannot wait any longer for Defendant to respond to its repeated requests for agreement so that the document production phase can commence especially in light of the evidentiary burdens this case will pose.

13. Plaintiff states that the proposed protective order is of the like and kind employed in motor vehicle dealer/manufacturer disputes such as this, and indeed, has been employed in another matter involving counsel for Plaintiff and Defendant. For the reasons set forth herein, Plaintiff requests that this Court enter

the proposed protective order (attached as Exhibit A) so that document production can begin immediately.

Dated:   December 19, 2014.

          /s/ Richard N. Sox
          Richard N. Sox, *pro hac vice*
          Jason T. Allen, *pro hac vice*
          Nicholas A. Bader, *pro hac vice*
          Bass Sox Mercer
          2822 Remington Green Circle
          Tallahassee, FL  32308
          (850) 878-6404 Office
          (850) 942-4869 Facsimile

and

          Christopher P. Twyman
          Georgia Bar No. 720660
          Cox, Byington, Brumlow & Twyman, LLP
          711 Broad Street
          Rome, GA 30161
          (706) 291-2002 Office
          (706) 291-6242 Facsimile

          *Attorneys for K.A.P.A. Management Inc.*
          *d/b/a Dallas Dodge Chrysler Jeep*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the parties listed below via Electronic Mail on December 19, 2014:

| | |
|---|---|
| Robert D. Cultice, Esq.<br>Robert.Cultice@wilmerhale.com<br>Wilmer Cutler Pickering Hale and Dorr, LLP<br>60 State Street<br>Boston, MA 02109 | Patricia R. Britton<br>patricia.britton@nelsonmullins.com<br>Nelson Mullins Riley & Scarborough L.L.P.<br>Atlantic Station<br>201 17th Street, NW / Suite 1700<br>Atlanta, GA  30363 |

/s/ Richard N. Sox

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

**K.A.P.A. MANAGEMENT INC. d/b/a
DALLAS DODGE CHRYSLER JEEP,**

        **Plaintiff,**　　　　　　　　　　**CIVIL ACTION FILE**

        **v.**　　　　　　　　　　　　　　**NO. 4:14-CV-00226-HLM**

**CHRYSLER GROUP, LLC,**

        **Defendant.**

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

    Petitioner, K.A.P.A. Management Inc. d/b/a Dallas Dodge Chrysler Jeep, and Respondent, Chrysler Group LLC, enter into this Confidentiality Agreement and Protective Order ("Agreement") effective this 5th day of December, 2014, as follows:

    WHEREAS, the parties have or will serve discovery requests in the above-styled proceeding and certain discovery requests may seek confidential information that the parties would not otherwise disclose without a confidentiality agreement or protective order; and

    WHEREAS, in order to allow for the orderly progression of discovery while maintaining the confidentiality of confidential information, the parties have agreed to enter into this Agreement, and to request the entry of a protective order, to establish procedures for the exchange of confidential information.

    NOW THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

    1.    In responding to another party's discovery request, each party may designate as "Confidential" any document, thing, or information that the party believes contains trade secrets, confidential research, development, commercial or

financial information, or any other proprietary or confidential business information.

2. All documents, things, or information designated as Confidential, including all copies, extracts, or summaries of and information obtained from any documents, things, or other information ("Confidential Material"), shall be used exclusively in connection with the litigation and appeal of the above-styled case (the "Protest Case"). Confidential Material shall not be used for any business, competitive, or purpose other than in connection with this Protest Case, and shall not be disclosed to any other person or entity except as provided in this Agreement.

3. Any of the following methods shall be sufficient to designate material as confidential ("Confidential Designation"):

   a. Prominently marking the material "Confidential" at or before the time of its production;

   b. Designating material by Bates label or some similar pagination system range as "Confidential" at or before the time of its production; or

   c. Designating a storage medium of material produced in electronic format as "Confidential" at or before the time of its production.

Inadvertent failure to make a Confidential Designation may be corrected by supplemental written notice. Discovery material disclosed prior to this Agreement may also be designated Confidential by supplemental written notice.

4. If a party disagrees with a Confidential Designation, that party may serve a written notice of objection to the designation upon the designating party within thirty (30) days of receiving the material. Failure to do so will waive any contention that the Confidential Designation is improper. The objecting and designating parties shall attempt to resolve their dispute in good faith within ten (10) days of the designating party's receipt of the objection. If the parties are unable to resolve their dispute within ten (10) days, the designating party seeking to maintain the "Confidential" designation may file an appropriate motion with the court seeking a resolution of the dispute. The designating party shall have the burden to show that its Confidential Designation was proper. All material bearing a Confidential Designation shall be treated as Confidential Material until the court orders otherwise.

5. Counsel shall take reasonable precautions to protect the confidentiality of Confidential Material. Confidential Material that is filed with the court shall be filed under seal.

6. Confidential Material may be made available to and inspected only by the following persons:

   a. The parties and their officers, employees, consultants, and agents that are actively assisting in the prosecution or defense of this proceeding;

   b. Counsel for the parties and their employees, consultants, and agents;

   c. Court personnel in the scope of their employment;

   d. Court reporters designated by the parties;

   e. Expert witnesses for the parties, their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

   f. Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness.

Prior to making Confidential Material available to any testifying expert in paragraph 6(e) and any person in paragraph 6(f), counsel shall provide the receiving person with a copy of this Agreement and shall obtain such person's agreement to maintain the confidentiality of the information by having the person sign the confidentiality form attached as Exhibit "A." As to all other persons identified in paragraphs (a), (b) and (d), counsel shall advise each of them of the terms of this Agreement, including their obligation to maintain the confidentiality of the information provided to them and the restriction of the use of such information solely to this Protest Case.

7. Confidential Material designated as Confidential Restricted ("Confidential Restricted Material") may be so designated by using the designation "Confidential Restricted" through any means specified in Paragraph 3 of this Agreement. Any objection to a "Confidential Restricted" designation shall be governed by Paragraph 4 of this Agreement. Only the following may be designated Confidential Restricted material:

3

    a. documents, things, or information which reflect or report areas of sensitive business information, including without limitation, the personal, business and/or financial information and condition of a dealer's owners, officers and directors financial performance of a dealer and the planning potential for a dealer;

    b. Plaintiff's internal operating procedures; and

    c. any other material determined to be Confidential Restricted by the court pursuant to an order on a motion filed by any party.

8. Confidential Restricted Material may be made available to and inspected by the following only:

    a. The persons and entities identified in Paragraphs 6(b) through 6(e), inclusive, of this Agreement who have signed Exhibit "A"; and

    b. The person and entities identified in Paragraphs 6(a) and 6(f) who have signed Exhibit "A" on the condition that: i) such persons shall be shown Confidential Restricted Material only during their testimony at depositions or hearings in this matter; and ii) such persons may not retain copies of any such material.  Counsel shall advise opposing counsel of an intention to question a witness concerning Confidential Restricted Material prior to showing such information to a witness or the witness' counsel.

9. Disclosure and use of Confidential Material or Confidential Restricted Material shall be consistent with this Agreement.  If any disclosure is sought that is inconsistent with this Agreement, the person seeking to disclose shall provide each other party with notice of the intended disclosure ("Inconsistent Disclosure Notice").  The Inconsistent Disclosure Notice shall identify with specificity the material to be disclosed and the identity of the person to whom disclosure is sought.  The Inconsistent Disclosure Notice shall be received not less than ten (10) business days prior to intended disclosure, or such period as is mutually agreeable to the parties.  If a party objects in writing to such disclosure at any time prior to the time of disclosure, the inconsistent disclosure shall not be made.  Objections pursuant to this paragraph shall be governed by Paragraph 4 of this Agreement.

10. In the event that any Confidential Material or Confidential Restricted Material is used in a deposition, such material shall not lose its status as

confidential through such use, and the parties shall take all steps reasonably necessary to protect the confidentiality during and after such use. The lawyer using Confidential Material or Confidential Restricted Material in a deposition or the lawyer for the party that produced the Confidential Material or Confidential Restricted Material shall direct the court reporter at the beginning and end of any such questioning to designate such questioning as Confidential. The portion of the transcript so designated shall be deemed Confidential Material or Confidential Restricted Material. Any objection to such designation shall be governed by Paragraph 4 of this Agreement.

11. This Agreement shall not be construed as a waiver of any party's right to object to admission of Confidential Material or Confidential Restricted Material at any hearing or trial. This Agreement shall not be construed to impair any party's right to object to any discovery request, including the right to object on the basis that certain Confidential Material should not be produced at all, subject to the rights of any opposing party to challenge such objection.

12. In the event that any party is served with a subpoena or other form of legal process requesting Confidential Material or Confidential Restricted Material ("Outside Request"), the party receiving an Outside Request will provide the other parties with written notice that an Outside Request was received together with a copy of the Outside Request. Subject to applicable legal requirements, the party receiving the Outside Request shall not produce the Confidential Material or Confidential Restricted Material for ten (10) business days after the other parties' receipt of written notice of the Outside Request, unless the other parties provide written notice that the other parties waive the protections of this Agreement with respect to the Outside Request.

13. At the conclusion of the action, all Confidential Material and Confidential Restricted Material shall be returned to the producing party no later than thirty (30) days after the rendition of an unappealed or unappealable final order or judgment in this action. In the alternative, counsel for the parties may certify by letter that all Confidential Material and Confidential Restricted Material have been destroyed no later than thirty (30) days after the rendition of an unappealed or unappealable final order or judgment in this action.

14. If any material as to which a party claims privilege is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege by the asserting party. Upon receiving notice of the inadvertent production of a privileged document, the other parties

shall immediately return to the party asserting the privilege all copies of the documents as to which a claim of privilege is asserted.  This provision is without prejudice to any party's right to move or to make application to the court for an order directing that privileged documents already in the possession of another party be returned to the party asserting the privilege and to seek to restrict the use of the documents or information contained therein.  This provision shall not be deemed a waiver of the right of any party to challenge a claim of privilege.

15. Either party may move the court for the entry of an order incorporating the terms of and enforcing this Agreement which motion shall not be opposed by the non-moving party.  This Agreement may be enforced by the court in which this matter is pending or any court with jurisdiction.

16. The parties to this Agreement will file a joint motion with the court seeking to have this Agreement approved as a protective order; however, during the time between the filing of their motion and the approval of this Agreement as an order, each of the parties shall abide by the terms of this Agreement as if it was entered as an order.  In addition, if for any reason the court refuses to approve this Agreement as an order, the parties agree to continue to abide by the terms therein as if it was entered as an order.

| | |
|---|---|
| Richard N. Sox, *pro hac vice* <br> Jason T. Allen, *pro hac vice* <br> Nicholas A. Bader, *pro hac vice* <br> Bass Sox Mercer <br> 2822 Remington Green Circle <br> Tallahassee, FL 32308 <br> (850) 878-6404 <br><br> and <br><br> Christopher P. Twyman <br> Georgia Bar No. 720660 <br> Cox, Byington, Brumlow & Twyman, LLP <br> 711 Broad Street <br> Rome, GA 30161 <br> (706) 291-2002 <br><br> *Attorneys for Plaintiff K.A.P.A. Management, Inc. d/b/a Dallas Dodge Chrysler Jeep* | Patricia R. Britton, Esq. <br> Georgia Bar No. 356340 <br> Nelson Mullins Riley & Scarborough LLP <br> 201 17th Street NW, Suite 1700 <br> Atlanta, GA  30363 <br> (404) 322-6000 <br><br> and <br><br> Robert D. Cultice, Esq. , *pro hac vice* <br> Massachusetts Bar No. 108200 <br> Wilmer Cutler Pickering Hale and Dorr  LLP <br> 60 State Street <br> Boston, MA  02109 <br> (617) 526-6000 <br><br> *Attorneys for Respondent, Chrysler Group, LLC* |

**Exhibit "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, _____, have been provided a copy of the Confidentiality Agreement between the parties in the consolidated cases styled *K.A.P.A. Management, Inc. d/b/a Dallas Dodge Chrysler Jeep v. Chrysler Group, LLC*, USDC Northern District of Georgia Case No. 4:14-CV-00226-HLM.  I have read the Confidentiality Agreement, understand its terms and agree to abide by its terms.  In consideration of being provided with Confidential or Confidential Restricted information, I agree to maintain the confidentiality of such information and not to disclose such information except as expressly provided in the Confidentiality Agreement.  I understand that if I improperly disclose such information in violation of the terms of the Confidentiality Agreement, I may be subject to sanctions.

Signed: _____
Print Name: _____
Date: _____

**Exhibit B**

| | |
|---|---|
| **From:** | Jason Allen |
| **To:** | "Cultice, Robert" |
| **Cc:** | Richard Sox |
| **Subject:** | FW: Dallas Dodge/Chrysler Group |
| **Date:** | Thursday, December 18, 2014 3:57:00 PM |

Bob,

Any update on the protective order?  I assumed it should be ok since our firms had agreed upon virtually the same document in another matter but I haven't heard back from you.

Sincerely,



**JASON T. ALLEN, Esq.**
**2822 REMINGTON GREEN CIRCLE**
**TALLAHASSEE, FLORIDA 32308**
**850-878-6404**
**850-942-4869 FAX**
jallen@dealerlawyer.com

**IRS CIRCULAR 230 NOTICE:  To ensure compliance with the requirements of IRS Circular 230, we inform you that any U.S. tax advice contained in this communication or attachment hereto is not intended or written to be used and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing or recommending to another party any transaction or matter addressed in this communication or attachment.**

**Confidential Communication:** The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the person or persons to which it is addressed. It is the property of Bass Sox & Mercer. Unauthorized use, disclosure or copying of this communication, or any part thereof, is strictly prohibited, and may be illegal. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please contact us immediately at the address above, and by return or reply e-mail, destroy delete this message and all copies thereof, including any attachments.

**From:** Jason Allen
**Sent:** Monday, December 15, 2014 2:16 PM
**To:** 'Cultice, Robert'
**Cc:** Richard Sox
**Subject:** RE: Dallas Dodge/Chrysler Group

Bob,

I'm following up on the emails below regarding a protective order in the Dallas Dodge matter.  If you could also provide me with an estimate on when you expect to produce documents after we agree upon the protective order, I'd appreciate it.  Thanks.

Sincerely,



**JASON T. ALLEN, Esq.**
**2822 REMINGTON GREEN CIRCLE**
**TALLAHASSEE, FLORIDA 32308**
**850-878-6404**
**850-942-4869 FAX**
**jallen@dealerlawyer.com**

**IRS CIRCULAR 230 NOTICE:  To ensure compliance with the requirements of IRS Circular 230, we inform you that any U.S. tax advice contained in this communication or attachment hereto is not intended or written to be used and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing or recommending to another party any transaction or matter addressed in this communication or attachment.**

**Confidential Communication:** The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the person or persons to which it is addressed. It is the property of Bass Sox & Mercer. Unauthorized use, disclosure or copying of this communication, or any part thereof, is strictly prohibited, and may be illegal. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please contact us immediately at the address above, and by return or reply e-mail, destroy delete this message and all copies thereof, including any attachments.

---

**From:** Cultice, Robert [mailto:Robert.Cultice@wilmerhale.com]
**Sent:** Sunday, December 07, 2014 4:26 PM
**To:** Jason Allen
**Subject:** RE: Dallas Dodge/Chrysler Group

Thank you.  I am traveling the next couple of days, but will review and comment, if necessary, later this week.

**Robert D. Cultice | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6021 (t)
+1 617 526 5000 (f)
robert.cultice@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Jason Allen [mailto:jallen@dealerlawyer.com]
**Sent:** Friday, December 05, 2014 11:30 AM
**To:** Cultice, Robert
**Cc:** Richard Sox
**Subject:** Dallas Dodge/Chrysler Group

Bob,

I'm touching base on the Dallas Dodge/Chrysler Group matter pending in the Northern District of Georgia.  We are preparing to produce documents in response to Chrysler's 1st RFP.  I've attached a draft protective order for your review.  This is essentially the same as the order our firms recently agreed upon in the Maserati Ft. Lauderdale case.  I've altered it slightly to address filing confidential documents under seal.  Otherwise, it should be the same.

Please let us know any comments or questions, and we can get it finalized so that we can begin production.  Thanks.

Sincerely,



**JASON T. ALLEN, Esq.**
**2822 REMINGTON GREEN CIRCLE**
**TALLAHASSEE, FLORIDA 32308**
**850-878-6404**
**850-942-4869 FAX**
jallen@dealerlawyer.com

**IRS CIRCULAR 230 NOTICE:  To ensure compliance with the requirements of IRS Circular 230, we inform you that any U.S. tax advice contained in this communication or attachment hereto is not intended or written to be used and cannot be used for the purpose of avoiding penalties under the Internal Revenue Code or for promoting, marketing or recommending to another party any transaction or matter addressed in this communication or attachment.**

**Confidential Communication:** The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the person or persons to which it is addressed. It is the property of Bass Sox & Mercer. Unauthorized use, disclosure or copying of this communication, or any part thereof, is strictly prohibited, and may be illegal. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please contact us immediately at the address above, and by return or reply e-mail, destroy delete this message and all copies thereof, including any attachments.